BEFORE THE FIRST DIVISION, JANUARY 13, 1954

**No. 57757.**—Amicale Yarns, Inc. *v.* United States, protest 187760–K (New York).

OLIVER, Chief Judge: In this suit, plaintiff alleges that liquidation of the entry "was premature, illegal and void in that notice of appraisement as required by Section 501 was not issued." The statute involved, section 501 of the Tariff Act of 1930, as amended (19 U. S. C. § 1501), reads as follows:

The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value.

The only evidence before us is a memorandum from the office of the collector of customs which was admitted at the time of trial on motion of plaintiff and without objection from defendant. That memorandum shows that plaintiff received no notice of appraisement.

The condition, as shown herein, was also presented in the case of *James H. Rhodes & Co.* v. *United States*, 26 Cust. Ct. 424, Abstract 55525, affirmed in *United States* v. *James H. Rhodes & Co.*, 40 C. C. P. A. (Customs) 1, C. A. D. 488. In disposing of the matter in the cited case, the Court of Customs and Patent Appeals stated:

We conclude that the failure to give the notice required had the effect of voiding the appraiser s appraisement and rendered the collector's liquidation invalid. We, therefore, *approve* and *affirm* the action of the Customs Court in remanding the case to a single judge of that court to have the proper dutiable value of the merchandise involved determined in the manner provided by law. [Italics quoted.]

The same conclusion applies herein. Accordingly, we hold the appraisement in question to be void and the liquidation based thereon to be invalid. Consistent with the provisions of section 2636 (d) of title 28, United States Code (the Judiciary and Judicial Procedure Act of 1948), which control the present situation, judgment will issue remanding the matter to a single judge of this court for the determination of value in the manner provided by law.